UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FNU RAHUL,<br><br>                Petitioner,<br><br>   v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT FIELD OFFICE DIRECTOR,<br><br>                Respondent. | CASE NO. 2:23-CV-1867-RSM-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: March 22, 2024 |

      Petitioner initiated this 28 U.S.C. § 2241 immigration habeas action on December 4, 2023. Dkt. 1. In the Petition, Petitioner states he is being detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") at the Northwest ICE Detention Processing Center. *Id*. He requests the Court order his release, set a bond for Petitioner's release, or release Petitioner on conditions. *Id*. at 8.

      The record shows that, on January 10, 2024, Petitioner was removed from the country on an ICE charter flight. *See* Dkts. 11, 12. Respondent filed a Motion to Dismiss for Mootness on January 23, 2024. Dkt. 11. Petitioner did not file a response to the Motion to Dismiss and documents mailed to Petitioner from the Court were returned as undeliverable on January 24, 2024. Dkts. 13, 14.

      Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas

REPORT AND RECOMMENDATION - 1

petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Because Petitioner's habeas petition seeks only release from detention pending ICE's procurement of Petitioner's travel documents, his claims have been fully resolved. *See id.* at 1065. Accordingly, there is no collateral consequence that could be redressed by the Court, and Petitioner's habeas petition should be dismissed as moot. *See id.*; *see also Yang v. ICE Field Off. Dir.*, 2021 WL 11096474, at *1 (W.D. Wash. Apr. 9, 2021) (finding petition was moot where the petitioner was released from ICE custody on an order of supervision).

Accordingly, the Court recommends the Motion to Dismiss (Dkt. 11) be granted and the Petition be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on March 22, 2024, as noted in the caption.

Dated this 4th day of March, 2024.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2